# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

COTTRELL MARSHALL, JR.,

        Petitioner,    :    Case No. 2:24-cv-401

- vs -    District Judge Michael H. Watson
    Magistrate Judge Michael R. Merz

BILL COOL, WARDEN, Ross Correctional
  Institution,

        Respondent.    :

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254, brought by Petitioner Cottrell Marshall, Jr., with the assistance of counsel, is before the Court for decision on the merits. Relevant pleadings are the Petition (ECF No. 8), the State Court Record (ECF No. 13) and the Return of Writ (ECF No. 14). The Court set a date for the filing of a traverse/reply of twenty-one days after the Return was filed, but Petitioner's counsel has failed to file a traverse, rendering the case ripe for decision.

**Litigation History**

On December 20, 2017, the Franklin County grand jury indicted Marshall on one count of engaging in a pattern of corrupt activity in violation of Ohio Rev. Code § 2923.32 (count 1), seven counts of promoting prostitution in violation of Ohio Rev. Code § 2907.22 (counts 2, 5, 8, 9, 12,

15 and 18), five counts of trafficking in persons in violation of Ohio Rev. Code § 2905.32 (counts 3, 6, 10, 13 and 16) and five counts of compelling prostitution in violation of Ohio Rev. Code § 2907.21 (counts 4, 7, 11, 14 and 17). (Indictment, State Court Record, ECF No. 13, Ex. 1).  On March 10, 2020, the trial jury found Marshall guilty of one first-degree felony charge of engaging in a pattern of corrupt activity, three first-degree felony charges of trafficking in persons, two third-degree felony charges of compelling prostitution, and three fourth-degree felony charges of promoting prostitution.  On July 27, 2020, the trial court sentenced Marshall to a total of forty years in prison.

Marshall took a direct appeal to the Ohio Tenth District Court of Appeals which affirmed the conviction.  *State v. Marshall*, 2022-Ohio-3795 (10th Dist. Oct. 25, 2022).  The Ohio Supreme Court declined jurisdiction of a further appeal.  *State v. Marshall*, 169 Ohio St. 3d 1426 (2023).

Marshall filed his Petition in this Court on February 27, 2024, pleading the following single ground for relief:

> **Ground One:** There was insufficient evidence to sustain a guilty verdict against Petitioner.
>
> **Supporting Facts:** There is no evidence of sexual activity or conduct as a result of payment by Petitioner. There is no witness testimony that they were compelled by Petitioner to engage in prostitution. There is no evidence of a specific date or time that payment was made to witnesses or to Petitioner in exchange for sexual services.

(Petition, ECF No. 8, Page ID 65).  Respondent defends the case on the merits, asserting the Tenth District's decision is entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA")(Return, ECF No. 14).

2

## Analysis

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson*). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* (quoting *Jackson*, 443 U.S. at 324). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.* A sufficiency challenge should be assessed against the elements of the crime, not against the elements set forth in an erroneous jury instruction. *Musacchio v. United States*, 577 U.S. 237 (2016).

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

3

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).  In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge

4

> simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012)(per curiam); *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam). The federal courts do not make credibility determinations in reviewing sufficiency of the evidence claims. *Brooks v. Tennessee,* 626 F.3d 878, 887 (6th Cir. 2010).

Respondent's Return quotes at length from the Tenth District's opinion which in turn recites the testimony of many witnesses and explains in detail how Petitioner ran a prostitution ring in hotels on State Route 161 in the Columbus area. That court explicitly found that Petitioner's conduct as testified to by multiple victims and by his girlfriend/co-defendant satisfied the elements of the offenses with which he was charged. This Court is bound to accept the Tenth District's interpretation of Ohio law in that regard. *Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), *quoting Bradshaw v. Richey,* 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."), *Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005)*; Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36 (6th Cir. 1999); *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986).

Petitioner's single ground for relief is without any arguable merit. The Tenth District's decision is a clearly reasonable application of *Jackson, supra*, entitled to deference from this Court.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this

conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 29, 2024.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge